UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE KERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-01404 |
| | ) | Judge Marvin E. Aspen |
| DZAVAD KRSO and | ) | |
| BLUESTAR SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINON AND ORDER**

MARVIN E. ASPEN, District Judge:

Before us is Plaintiff Elaine Kern's motion to remand this case to the Circuit Court of Cook County, Illinois. (Motion to Remand ("Mot.") Dkt. No. 8.) For the following reasons, we grant Kern's motion to remand and deny her request for costs and attorneys' fees. Kern's motion for a protective order is also denied as moot. (Dkt. No. 31.)

## BACKGROUND

We address the pleaded facts that are relevant to whether this case is properly before the federal judiciary. This case was initially filed in the Circuit Court of Cook County, Illinois. (Complaint ("Compl.") (Dkt. No. 2) at 4.) Before receiving service, Defendants Krso and Bluestar removed this case to the United States District Court for the Northern District of Illinois. (Notice of Removal ("Rem.") (Dkt. No. 2) at 4.)

This lawsuit allegedly arises from a car crash in Georgia between Plaintiff Kern, a Pennsylvania resident, and Defendant Dzavad Krso, a Florida resident. Defendant Krso was driving on behalf of an Illinois business, Defendant Bluestar Services LLC, at the time of the accident. (Compl. at 4–5.) The allegations surrounding damages are minimal. The sole

allegation describing the crash – that one vehicle "came into contact with" the other – could describe either a minor fender bender or a major fatal accident. (Compl. at 2.)  The Il. S. Ct. Rule 222(b)[1] affidavit attached to the complaint and signed by Plaintiff's lawyer is hardly more helpful: it merely states the "total money damages sought by us exceed $50,000.00, exclusive of interests and costs." (Compl. at 8.)

## LEGAL STANDARD

A case that begins in state court is removable to federal court only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).  Alternatively stated, federal district courts may not exercise jurisdiction absent a statutory basis. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2617 (2005); *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp. 3d 837, 841 (N.D. Ill. 2019).  By statute, Congress grants federal courts jurisdiction over two types of cases: those that "arise under" federal law, 28 U.S.C. § 1331, and those where there is diversity of citizenship and amount-in-controversy requirement is met, 28 U.S.C. § 1332(a). *See Home Depot U.S.A., Inc. v. Jackson*, — U.S. ——, 139 S. Ct. 1743, 1746 (2019).

Defendants seek removal solely by way of diversity.  Under 28 U.S.C. § 1332, diversity jurisdiction exists if the parties are completely diverse and the amount in controversy exceeds $75,000. *See Mobil Corp.*, 545 U.S. at 553, 125 S. Ct. at 2617–18.  In evaluating whether to remand a case, a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. *See, e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

---

[1] Under Il. S. Ct. R. 222(b), any "civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000."

2

A removing defendant in a diversity case must also satisfy the requirements of 28 U.S.C. § 1441(b). The language of § 1441(b)(2) (the forum defendant rule) prohibits removal in diversity cases when one of the "parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added); *see Holmstrom v. Peterson*, 492 F.3d 833, 835 (7th Cir. 2007) (providing insight into the statute's purpose while affirming remand for lack of appellate jurisdiction), *aff'g*, No. 05 C 2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005) (Aspen, J.) And so when there is no indication that a plaintiff named an Illinois defendant only to prevent removal, the literal application of the "joined and served" requirement becomes imprudent. *See id.*

## ANALYSIS

I.     *Amount in Controversy*

Even though neither party contests that amount in controversy requirement,  we still must ensure the federal court has subject-matter jurisdiction. 28 U.S.C.A. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702, p. 317 (4th ed. 2011) ("the court on its own can challenge the sufficiency of the plaintiff's statement of the jurisdictional amount.")  A removing party must establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).  Just as we generally accept the plaintiff's good-faith allegations of the amount in controversy to establish diversity jurisdiction, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014). (emphasis added).

The Complaint is bear of any suggestion whatsoever that the amount in controversy exceeds $75,000. As previewed above, the only facts that form a basis for the amount in controversy here is Plaintiff's attorney's affidavit that "total money damages sought by us exceed $50,000.00, exclusive of interests and costs," and the perfunctory allegation that Defendants' vehicle "came into contact with" the Kern's. (Compl. at 2, 8.) Indeed, Defendants were only able to plead "Upon information and belief" that "Plaintiff will seek damages in excess of $75,000" because the Complaint did not otherwise allege facts to make such plausibly supported by the alleged facts. (Rem. at 2.) Defendants could not provide additional evidence to support this statement because there are none. *See id.* Although Plaintiff seemingly accepted the amount in controversy exceeded $75,000, (Mot. at 5), parties cannot confer subject-matter jurisdiction upon the court merely by saying it exists. 4AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702, p. 320 (4th ed. 2011) (Parties cannot "agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. . . ."). We resolve any doubts about jurisdiction in favor of remand. *See, e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). On the amount in controversy issue alone, we therefore remand this case because no pleaded fact whatsoever suggests that the amount in controversy can plausibly exceed $75,000. Plaintiff's motion is granted.

## II.     *Forum Defendant Rule*

Although remand is warranted for Defendants' failure to show that the amount in controversy exceeds $75,000, we nevertheless address the forum defendant rule for completeness. The forum defendant rule expressed in § 1441(b) operates to prevent removal by a forum defendant. 28 U.S.C. § 1441(b). Under § 1441(b)(2), a "civil action otherwise

4

removable solely on the basis of the jurisdiction under [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* Courts are split over the "joined and served" language's effect. *Id.* Some courts remand cases involving unserved in-forum defendants while others apply the statute's plain language and remand only if the forum defendant is both properly joined *and served* at the time of removal. *See, e.g.*, *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 934 (N.D. Ill. 2017) (collecting cases). We are tasked with again interpreting this statute. In guiding our statutory interpretation, we give effect to the concept that we must "give [a statute's] words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *Jefferson v. United States*, 546 F.3d 477, 483 (7th Cir. 2008) (internal quotation marks omitted).

We previously interpreted this statute by applying the congressional intent and purpose over the hyper technical "joined and served" plain language, and the Seventh Circuit affirmed that decision for lack of appealability. *Holmstrom*, 492 F.3d at 835, *aff'g*, No. 05 C 2714, 2005 WL 1950672 (Aspen, J.); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443").[2] And other courts within this district have come to similar conclusions. *See, e.g.*, *In re Testosterone Replacement Therapy Products Liability Litigation*, 67 F. Supp. 3d 952, 960 (N.D.

---

[2] Other Circuits have alternatively applied the plain language of the "joined and served" requirement. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153–4 (3d Cir. 2018).

5

Ill. 2014); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007).

*Vivas* concluded that "Combining the permission granted in 28 U.S.C. § 1446(b) for defendant to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) . . . would provide a vehicle for defendants to manipulate the operation of the removal statutes." *Vivas*, 486 F. Supp. 2d at 734. *Vivas* remanded despite the fact that the forum defendant removing party removed before service based on the reasoning that a hyper technical plain reading of the "joined and served" language would "frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *Id.* at 734—35.

We are also persuaded by the reasoning outlined in *In re Testosterone*, 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014). There, the Court noted how advances in technology make a plain reading of § 1441(b) contrary to Congressional intent and would eliminate the forum-defendant rule for vigilant defendants:

> Applying section 1441(b) in the [plain] manner . . . would result in the elimination of the forum-defendant rule in Illinois, at least for a vigilant defendant. As the Court has noted, Illinois law typically requires the county sheriff to serve summons. As a practical matter, this does not and cannot happen immediately, or anything close to it. If a plaintiff who filed a lawsuit in the Circuit Court of Cook County were to go from the clerk's office to the sheriff's office and request instantaneous service of summons on the defendant, the request would be dismissed out of hand. Even for the most diligent plaintiff, there will be a gap before process can be served, and this enables a vigilant defendant to beat the process server to the punch and remove the case to federal court. This results from the fact that recordkeeping and docketing technology is several generations ahead of the procedure and technology used to serve legal process. A case filed in the Circuit Court is entered into an electronic recordkeeping system perhaps not instantaneously, but close to it.
> . . .
> This technological disparity between the means of access to public records and the procedure for service of summons enables an Illinois defendant who expects to be sued frequently . . . to essentially render

> the forum-defendant rule a nullity. Congress, which enacted the
> forum defendant rule and the "joined and served" clause before the
> age of computers—not to mention the Internet—could not have
> foreseen or intended this outcome.

*In re Testosterone*, 67 F. Supp. 3d at 961–62. *In re Testosterone* went on to hold that the forum

defendant rule barred removal even though service had yet been made. *Id.*

     *Vivas and In re Testosterone* harmonize with our previous holding in in *Holmstrom v.*

*Harad*, No. 05 C 2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005), *aff'd*, 492 F.3d 833, 835

(7th Cir. 2007), that applied § 1441(b)'s purpose rather than its hyper technical plain language.

*Id.* As we held then, the protection afforded by the "joined and served" language is wholly

unnecessary and contradictory to the statute's purpose: preventing diversity-based removal by

citizens of the forum state. *See id.* at 2. Given this, we will not require the removing forum

defendant be "joined and served" before applying the forum defendant rule.

     The Illinois citizenship of this case's removing defendant (*i.e.*, the forum defendant),

Bluestar, therefore prevents removal at this stage. (Compl. at 4–5.) And there is no indication that

Kern named Bluestar only to prevent removal. *See Holmstron*, 492 F.3d at 835, *aff'g*, No. 05 C

2714, 2005 WL 1950672. Plaintiff's motion to remand is thus granted and this matter is remanded

back to the Circuit Court of Cook County, Illinois.

     III.     *Costs and Attorneys' Fees.*

     Plaintiff also requested costs and attorneys' fees. An order remanding a removed case

may require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal. 28 U.S.C. § 1447(c). Courts should only award attorney fees if the

removing party lacked an objective reason for removal. *See Martin v. Franklin Capital Corp.*,

546 U.S. 132, 141 (2005); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). In the

present case, Defendants made a reasonable argument regarding the appropriateness of removal.

Accordingly, we deny Plaintiff's requests for costs and attorneys' fees.

## CONCLUSION

For the above stated reasons, we grant Kern's motion to remand this case but deny her

request for costs and attorneys' fees.  Kern's motion to remand the case to the Circuit Court of

Cook County, Illinois, is granted. (Dkt. No. 8.)  We also deny Kern's motion for a protective order

as moot. (Dkt. No. 31.)

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: July  13, 2020
Chicago, Illinois

8